UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jasper Bowers, | ) | C/A No. 3:11-2017-RBH-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| Director Ronaldo Myers; State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The petitioner, Jasper Bowers ("Petitioner"), proceeding *pro se*, files this action for habeas relief pursuant to 28 U.S.C. § 2241.[1] Petitioner is a pretrial detainee at the Richland County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner alleges violation of his constitutional rights under the "4th, 5th, 6th, 14th Amendment of the Constitution of the United States," as well as rights under the South Carolina Constitution. ECF No. 1 at 1; *see also* ECF No. 14 at 1. On December 5, 2011, Petitioner filed a document titled "Motion for Order to Release, Dismiss, Discharge," which seeks immediate release, and has been construed as an Amended Petition for Writ of Habeas Corpus. ECF No. 14. Having reviewed the Petition in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

REVIEW OF *PRO SE* HABEAS PETITION

This court is charged with screening Petitioner's habeas petition, amended petition, and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254

---

[1] The petitioner files for habeas relief on a form used for petitions pursuant to 28 U.S.C. § 2254 ("an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court"). The petition, however, reveals that the plaintiff has not been convicted, so his petition for habeas relief is considered under 28 U.S.C. § 2241.

Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). This court is also required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (document filed by a *pro se* litigant is to be liberally construed). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990). The petition and amended petition submitted in this case, even under this less stringent standard, are subject to summary dismissal.

## BACKGROUND

Petitioner filed a handwritten, three page document dated July 26, 2011, and titled Petition for Writ of Habeas Corpus. ECF No. 1. The habeas petition alleges Petitioner was arrested on May 12, 2011, on a charge that carries only a thirty (30) day sentence; he was denied court appointed legal representation; his inquiries concerning the pending criminal charge were ignored; and he had been held beyond the thirty (30) days that he would receive if found guilty of the pending charge. *Id*. Petitioner did not address the filing fee when filing the petition, so an Order was issued directing the Petitioner to bring his case into proper form within a specified time. ECF No. 6. Petitioner complied with the Court's Order by filing a motion to proceed without prepayment of the filing fee.

ECF No. 8. The *in forma pauperis* motion was granted. ECF No. 11.

By Order dated September 22, 2011, this Court directed service of the § 2241 Petition on the Respondents, who were permitted fifty (50) days from the date of service to file a response to the Petition. ECF No. 11. The official court record of this case does not reflect that the Petition has been served on the Respondents. An order being filed contemporaneously with this Report and Recommendation rescinds the prior directions to serve the Respondents, and for Respondents to file a response, contained in the Order dated September 22, 2011. The Clerk of Court has now been directed not to serve the § 2241 Petition on the Respondents.

On December 5, 2011, Petitioner filed a document titled "Motion for Order to Release, Dismiss, Discharge," which seeks immediate release and dismissal of the criminal charge. ECF No. 14. The "motion" was not construed as requesting a default judgment, because a default judgment is not available in a habeas case.[2] Moreover, the Respondents have not yet been served, so they cannot be in default. The document titled "Motion for Order to Release, Dismiss, Discharge" was construed as an Amended Petition. Amendment or supplementation of a habeas petition is permitted pursuant to 28 U.S.C. § 2242.

The Amended Petition reveals more details concerning the Petitioner's state criminal proceedings, such as the fact that legal counsel has been appointed to Petitioner twice since July

---

[2] *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *see also Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir.1987) ("a default judgment is not contemplated in habeas corpus cases"); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.1970) ("Rule 55(a) has no application in habeas corpus cases"); *Lisben v. Cohen*, 2010 WL 736897 (D.S.C.2010) (unpublished).

3

2011. Petitioner subsequently filed motions in his criminal case to have each attorney relieved of his appointment to represent Petitioner. He also filed a motion for a fair and speedy trial on September 6, 2011. Petitioner has apparently appeared at several hearings in state court since his arrest. He seeks "an order of demand towards the respondents to immediatly [sic] release/discharge and to dismiss plaintiff from his charge, 81946EZ, and release him from their custody." ECF No. 14 at 8.

## DISCUSSION

Petitioner is detained in a local detention center with a state criminal charge pending against him. Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)), *cert. denied*, 517 U.S. 1123 (1996). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).

In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to

determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

      Both the Petition and Amended Petition indicate that a state criminal charge is currently pending against Petitioner. As Petitioner acknowledges that an ongoing state criminal proceeding exists, the first prong of the abstention test is satisfied. The second criteria has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). In addressing the third criteria, the Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

      Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26; *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas

intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

Petitioner alleges he was arrested on a charge that carries only a thirty (30) day sentence and he has been held beyond the thirty (30) days that he would receive if found guilty of the pending charge. ECF No. 1; ECF No. 14. He acknowledges that he was initially brought before a state magistrate for bond, but his case was then transferred to the Court of General Sessions. ECF No. 14 at 2-3. Petitioner also alleges he was initially denied court appointed legal representation because his charges only carry a thirty (30) day sentence, but reveals in the Amended Petition that he has been appointed counsel twice and has requested that each attorney be relieved as his counsel. *Id.* at 3-6. Petitioner also alleges he has filed a "motion/demand for a fair and speedy trial" in the state court. *Id.* at 5. Petitioner's claims appear to be based on loss of liberty without due process and a speedy trial, as well as inadequate legal representation.

In *Moore*, 515 F.2d at 443, the court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. *See generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226-27. In fact, Petitioner has a pending speedy trial motion in his criminal case, which was filed on September 6, 2011. ECF No. 14 at 5. Similarly, any claims concerning lack of due process or legal representation may be raised in the state trial court. In as much as the petition and amended petition could be claiming ineffective assistance of counsel prior to trial, Petitioner may file a motion in the trial court for relief, which he has done twice in his criminal case. A claim of ineffective assistance of counsel is available in state post-conviction proceedings as well. Petitioner can pursue

his claims in state court both during and after trial, so he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of immediate release, and dismissal of the criminal charge. *See Younger*, 401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his federal habeas action should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss this action seeking a writ of habeas corpus *without prejudice* and without requiring the Respondents to file an answer.

Joseph R. McCrorey
United States Magistrate Judge

December 16, 2011
Columbia, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).